FILED
2017 AUG 29 PM 3:08
US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| PRUDENCE F. MAXON, Individually and On Behalf Of All Others Similarly Situated, ) ) ) | Case No. 6:17-CV-1569-ORL-40TBS |
| Plaintiff, ) ) | Plaintiff's Class Action Complaint And Demand For Jury Trial |
| vs. ) ) | |
| SENTRY LIFE INSURANCE COMPANY, ) ) | Injunctive Relief Sought |
| Defendant. ) | |

Plaintiff Prudence F. Maxon ("Plaintiff"), individually and on behalf of all others similarly situated, for her Class Action Complaint against Defendant Sentry Life Insurance Company ("Defendant"), states and alleges as follows:

### INTRODUCTION

1. This is a class action for breach of contract, conversion, and declaratory and injunctive relief to recover amounts that Defendant has charged and collected from Plaintiff and members of a class of life insurance policy owners in excess of amounts authorized by the express terms of their policies. Plaintiff's claims and those of the proposed class are exclusively supported by the explicit provisions of their life insurance policies and are not derived from any alleged conversations had, or documents reviewed, at the time of sale.

2. The terms of Plaintiff's life insurance policy provide for a "Cash Value" consisting of monies held in trust by Defendant for Plaintiff. Over the course of several years, Defendant has systematically deducted monies from Plaintiff's Cash Value in breach of the policy's terms.

3. Defendant is contractually bound to deduct only those charges that are explicitly identified and authorized by the terms of its life insurance policies. Despite

1

unambiguous policy language in a fully integrated agreement, Defendant deducts charges from the Cash Values of Plaintiff and the proposed class in excess of amounts specifically permitted by their policies.

4. Defendant has caused material harm to Plaintiff and the proposed class by improperly draining monies they have accumulated in the Cash Values under their policies. Every unauthorized dollar taken from policy owners is one less dollar that can be used to: invest through the policy; pay future premiums; increase the death benefit; use as collateral for policy loans; or withdraw as cash. Class members face a "lose-lose" decision: continue to pay the overcharges to maintain their insurance or surrender the policy after having paid significant premiums for decades.

5. Plaintiff brings this case as a class action under Fed. R. Civ. P. 23, on behalf of herself and as a representative of the following persons (the "Class"):

> All persons who own or owned a life insurance policy issued or administered by Defendant, or its predecessors in interest, the terms of which provide or provided for: 1) a cost of insurance charge or deduction, which is calculated using a rate that is determined based on the Defendant's mortality expectations; 2) additional but separate policy charges, deductions, or expenses; 3) an investment, interest-bearing, or savings component; and 4) a death benefit.

## PARTIES

6. Plaintiff Prudence F. Maxon is an individual and resident of the State of Florida.

7. Defendant Sentry Life Insurance Company is a life insurance company organized and existing under the laws of the State of Wisconsin. Defendant is registered to do business in the State of Florida and has a registered agent located at 200 E. Gaines St., Tallahassee, Florida 32399-0000.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over all causes of action asserted herein pursuant to 28 U.S.C. § 1332(d) because this is a class action with diversity of citizenship between parties and the matter in controversy exceeds $5,000,000.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial portion of the events giving rise to the claims alleged herein occurred in this district. Venue is proper in the Middle District of Florida, Orlando Division because Plaintiff purchased the policy in and resides in the Middle District of Florida, and resided in or was employed in Seminole County or Orange County, Florida when a substantial portion of the events at issue in the complaint occurred.

## GENERAL ALLEGATIONS

10. Plaintiff purchased from Defendant a universal life insurance policy bearing the policy number 47-09952-71, and a policy date of August 18, 1988, with a specified amount of $100,000 (the "Policy"). A true and accurate copy of the Policy is attached hereto as Exhibit A, and incorporated herein by reference.

11. Plaintiff is and has always been the "owner" and the "insured" under the Policy.

12. Defendant is the effective and liable insurer of the Policy.

13. The Policy is a valid and enforceable contract between Plaintiff and Defendant.

14. "The [P]olicy, with all its pages and cover, the attached copies of the application, any supplemental applications and any attached amendments or riders form the entire contract." Ex. A at p. 3.

15. The terms of the Policy are not subject to individual negotiation and are materially the same for all policyholders. They cannot be altered by an agent's representations at the time of sale.

3

16. "No agent, nor anyone other than one of [Defendant's] officers, has the power to change th[e] contract or waive any of [Defendant's] rights or requirements." Ex. A at p. 3.

17. Defendant has administered and currently administers all aspects of the Policy, and the policies meeting the class definition set forth above (the "Class Policies"), including collecting premiums, and setting, assessing and deducting policy charges.

18. Unlike standard term life insurance policies, the Policy and Class Policies provide policyholders an investment, savings, or interest-bearing component ("savings component," identified in the Policy and Class Policies as the "Cash Value"), in addition to a death benefit. Although other Class Policies may refer to this savings component as the "Accumulation Value," "Account Value," or something similar, because the purpose is the same, it is referred to as the "Cash Value" for purposes of this Class Action Complaint.

19. Generally, under life insurance policies like the Policy and Class Policies, premium dollars are deposited into the Cash Value, from which the insurer deducts those monthly charges authorized by policy terms. Under the terms of the Policy, the Cash Value consists of an interest bearing account that accumulates over time.

20. The funds held in the Cash Value of the Policy and Class Policies are the policy owner's property that Defendant holds in trust for the policy owners.

21. The Policy provides that, on each monthly policy date, the Cash Value will be calculated as (1) minus (2), plus (3), plus (4), minus (5), minus (6), where: (1) is the Cash Value on the previous monthly policy day; (2) is the monthly deduction for the previous policy month; (3) is one policy month's interest on the difference between (1) and (2); (4) is 100% of all premiums received for the policy since the previous monthly policy day, plus interest from the date Defendant received the insured's premium payment; (5) is the amount of any partial surrender made on the monthly policy day; and (6) is the amount of any partial surrender charges or fees made on the monthly policy day. Ex. A at p. 11.

22. Defendant may access and withdraw funds from the Cash Value only as expressly authorized by the Policy and Class Policies.

23. The Policy and Class Policies expressly define the specific charges that Defendant may assess and deduct from a given policyholder's premium payments and the accumulated Cash Value. Defendant may deduct only those charges allowed by the Policy and Class Policies.

24. The Policy authorizes Defendant to take a "Monthly Deduction" from Plaintiff's Cash Value each month. The Policy provides that the Monthly Deduction for each policy month will be calculated as (1) plus (2) where: (1) is the cost of insurance for the Policy and any additional benefits provided by rider for the policy month; and (2) is a $5 administrative fee. Ex. A at p. 12.

25. The Policy expressly defines how the monthly "Cost of Insurance Charge" is determined and calculated:

> **Cost of Insurance** – The cost of insurance for the policy is determined on a policy month basis. Such cost is calculated as (1) multiplied by the result of (2) minus (3), where:
>
> (1) is the mortality charge (as described below);
>
> (2) is the death benefit at the beginning of the policy month divided by 1.0036748; and
>
> (3) is the cash value at the beginning of the policy month, less the administrative fee for that policy month and the cost of insurance for any riders.
>
> The cost of insurance for any rider is calculated as shown in the Cost of Insurance Provision of the rider.

Ex. A at p. 12.

26. The Policy explicitly discloses the factors Defendant may use to determine "Mortality Rates" which are used to calculate the Mortality Charge which is used to calculate the Cost of Insurance Charge that is deducted from the Cash Value each month:

> **Mortality Charge** – The monthly mortality charge is based on [the Defendant's] current Mortality Rates and the Mortality Class Factors for [the insured's] policy. (These two parts to the mortality charge are described below). A detailed statement of the formulas used to calculate the monthly mortality charge has been filed with the Insurance Department of the State where this policy is delivered.
>
> 1) Mortality Rates – The current mortality rates for the policy are based on the insured's attained age, sex, and mortality class. **[Defendant] will determine the current mortality rates based on [Defendant's] expectations as to future mortality experience.** Any change in mortality rates will apply to all insured of the same mortality class. In no case will mortality rates for an insured in a standard mortality class ever be greater than those shown in the Table of Guaranteed Maximum Mortality Rates in this policy. Such guaranteed rates are based on the 1958 Commissioners Standard Ordinary Mortality Table, Age Last Birthday. The guaranteed rates for insureds classified as substandard are based on percentage multiples of the 1958 Commissioners Standard Ordinary Mortality Table, Age Last Birthday.
>
> 2) Mortality Class Factors – The mortality class(es) shown on the Policy Specifications Page, and on any Policy Amendments, are the result of [Defendant's] underwriting [the insured's] insurability. The Factors shown with each mortality class are used to determine the mortality charge.

Ex. A at p. 12 (emphasis supplied).

27. Under the explicit terms of the Policy, therefore, Defendant is authorized to use only the insured's age, sex, mortality class, and its expectations as to future mortality experience when determining the Policy's Mortality Rates. Ex. A at p. 12.

28. Age, sex, and mortality class are factors commonly used within the life insurance industry to determine the mortality expectations of an insured or group or class of insureds.

6

29. An insured would reasonably read age, sex, and mortality class, in combination with the disclosure that rates are determined based on Defendant's expectations as to future mortality experience and understand that only mortality expectations are used to determine Mortality Rates.

30. By specifically identifying age, sex, and mortality class as the defining components of the Mortality Rate, the parties agreed that mortality expectations are what determine Mortality Rates under the Policy, and this is further confirmed where the Policy states that "[w]e will determine the current mortality rates based on our expectations as to future mortality experience."

31. Like the Policy, the Class Policies disclose similar periodic deductions that Defendant is authorized to take from policyholder Cash Values including, specifically, Mortality Charges that are calculated using rates that Defendant must determine based on specified factors, and that can be adjusted based on Defendant's expectations as to future mortality experience.

32. Like the Policy, the Class Policies also disclose separate, monthly administrative charges or deductions that Defendant sets in fixed amounts.

33. Although the Policy and Class Policies authorize Defendant to use only certain, specified factors in determining monthly Mortality Rates, Defendant uses other factors, not authorized by the Policy and Class Policies, when determining those rates, including, without limitation:

    a. Expense experience;

    b. Persistency;

    c. Taxes;

    d. Profit assumptions;

    e. Investment Earnings;

  f. Capital and reserve requirements, and

  g. Other unspecified factors.

34. By including these other factors in monthly Mortality Rates, Defendant knowingly causes those rates to be higher than what is explicitly authorized by the Policy and Class Policies and, as a result, withdraws Cost of Insurance Charges from the Cash Value in amounts greater than those authorized by the Policy and Class Policies.

35. By loading monthly Mortality Rates with unauthorized factors, Defendant repeatedly and continuously breaches the Policy and Class Policies and impermissibly inflates those rates.

36. As a direct and proximate result of Defendant's breaches, Plaintiff and the Class have been damaged and those damages are continuing in nature in that Defendant has deducted and will deduct Cost of Insurance Charges from the Cash Values of Plaintiff and the Class in amounts not authorized by the Policy or Class Policies.

37. By loading monthly Mortality Rates with undisclosed factors, including without limitation, maintenance, administrative, and other expense factors, Defendant also repeatedly and continuously breaches the Administrative Fee provision of the Policy and Class Policies by impermissibly deducting administrative fees from the Cash Values of Plaintiff and the Class in amounts in excess of the fixed and maximum administrative fees expressly authorized by their policies.

38. As a direct and proximate result of Defendant's breach, Plaintiff and the Class have been damaged and those damages are continuing in nature in that Defendant has deducted and will continue to deduct expenses, including without limitation, maintenance, administrative, and other expenses, from the Cash Values of Plaintiff and the Class in amounts not authorized by the Policy and Class Policies.

39. Each of Defendant's past and future expense deductions, including without limitation, deductions for maintenance, administrative, and other expenses, from Plaintiff's Cash Values constitutes a separate breach of contract.

40. The nature of Defendant's conduct is such that Plaintiff and each member of the Class would be unaware that Defendant was engaging in wrongdoing by taking inflated charges and improper amounts from Cash Values. Defendant possesses the actuarial information and equations underlying the computation of rates and charges for the Policy and Class Policies. The monthly Mortality Rates actually used to calculate the Mortality Charge are not disclosed to policy owners, nor are the components or factors that comprise those rates. Even if they were, Plaintiff and the Class would lack the knowledge, experience, and training to reasonably ascertain how Defendant calculated the rates and charges.

41. Defendant was aware that Plaintiff and each member of the Class did not know about the improper deductions because of its superior knowledge of the aforementioned computations. Defendant sent Plaintiff annual statements each year that identified each month's Cost of Insurance Charge while affirmatively concealing the factors Defendant used to calculate the Mortality Rates. Concealment of its conduct and failure to disclose its conduct to Plaintiff and the Class constitutes fraudulent concealment and therefore tolls the statute of limitations for Plaintiff and the Class. Plaintiff did not learn of Defendant's breaches of the Policy and conversions supporting Plaintiff's claims until after she engaged counsel and consulted an actuarial expert.

42. Plaintiff did not, nor could she have, through reasonable diligence, discovered the facts establishing Defendant's breaches and conversions or the harm caused thereby.

## CLASS ACTION ALLEGATIONS

9

43.     Plaintiff brings this action on behalf of herself and all others similarly situated, pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(1), 23(b)(2), 23(b)(3), and/or 23(c)(4) and seeks to represent the following Class:

> All persons who own or owned a life insurance policy issued or administered by Defendant, or its predecessors in interest, the terms of which provide or provided for: 1) a cost of insurance charge or deduction, which is calculated using a rate that is determined based on the Defendant's mortality expectations; 2) additional but separate policy charges, deductions, or expenses; 3) an investment, interest-bearing, or savings component; and 4) a death benefit.

Excluded from the Class is the Defendant, any entity in which the Defendant has a controlling interest, any of the officers, directors, or employees of the Defendant, the legal representatives, heirs, successors, and assigns of the Defendant, anyone employed with Plaintiff's counsel's firms, and any Judge to whom this case is assigned, and his or her immediate family. Excluded from the Class is any policy that explicitly discloses all of the factors Defendant used to calculate its rates and charges.

44.     The proposed class satisfies the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action under Rule 23, as set forth more fully herein.

45.     The persons who fall within the Class number in at least the hundreds and most likely thousands, and thus the numerosity standard is satisfied. Because Class members are geographically dispersed across the country, joinder of all Class members in a single action is impracticable. Class members may be informed of the pendency of this class action through direct mail.

46.     There are questions of law and fact common to the claims of Plaintiff and the Class, including, without limitation:

a. Whether Defendant is permitted by the Class Policies to use factors other than those disclosed in the Class Policies to determine the monthly Mortality Rates to calculate insurance policy deductions;

b. Whether Defendant used factors not specified in the Class Policies when determining the monthly Mortality Rates used to calculate Mortality Charges or deductions;

c. Whether Defendant added or included factors not specified in the Class Policies when determining the monthly Mortality Rates used to calculate Mortality Charges or deductions;

d. Whether Defendant added or included factors unrelated to its mortality expectations in setting and determining rates that the Class Policies provide are "based on" specified mortality factors and no other disclosed factors;

e. Whether Defendant charged amounts in excess of those specifically authorized by the Class Policies;

f. Whether Defendant breached the terms of the Class Policies;

g. Whether the Class sustained damages as a result of Defendant's breaches of contract;

h. Whether the Class is entitled to damages, restitution, and/or other equitable relief as a remedy for Defendant's breaches of contract;

i. Whether Defendant converted Class members' money from their Cash Values;

j. Whether the Class sustained damages as a result of Defendant's conversions;

k. Whether the Class, or some subset of the Class, is entitled to injunctive relief requiring Defendant to make deductions from Cash Values in accordance with the terms of the Class Policies in the future; and

l. Whether the Class, or some subset of the Class, is entitled to declaratory relief stating the proper construction and/or interpretation of the Class Policies.

47. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of

consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the claims asserted herein.

48. Plaintiff's claims are typical of those of the Class in that Class members purchased policies containing the same or similar limitations on the amounts that Defendant could charge its policyholders under the express terms of the Policy and Class Policies.

49. Plaintiff is an adequate representative of the Class because she is a member of the Class and her interests do not conflict with the interests of those she seeks to represent. The interests of the Class members will be fairly and adequately protected by Plaintiff and her counsel, who have extensive experience prosecuting complex class litigation.

50. Maintenance of this action as a class action is a fair and efficient method for adjudicating this controversy. It would be impracticable and undesirable for each member of the Class to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

## COUNT I: BREACH OF CONTRACT
(Cost of Insurance Charge)

51. Plaintiff incorporates and restates by reference all of the preceding allegations as though fully set forth herein.

52. Plaintiff and the Class purchased life insurance policies—the Policy and Class Policies—from Defendant.

53. The Policy and Class Policies are valid and enforceable contracts between Plaintiff and the Class, and Defendant.

54. Plaintiff and the Class substantially performed their obligations under the terms of the Policy and Class Policies.

55. By including unauthorized factors in monthly Mortality Rates, Defendant knowingly causes those rates to be higher than what is explicitly authorized by the Policy and Class Policies.

56. Because Defendant calculates Mortality Charges using monthly Mortality Rates that are higher than those authorized by the Policy and Class Policies, Defendant has deducted Cost of Insurance Charges from the Cash Values of Plaintiff and the Class in amounts greater than those authorized by their policies.

57. Defendant's practice of deducting charges in amounts not authorized by the Policy and Class Policies constitutes a breach of the policies.

58. As a direct and proximate result of Defendant's breach, Plaintiff and the Class have sustained damages that are continuing in nature in an amount to be determined at trial.

## COUNT II: BREACH OF CONTRACT
### (Administrative Fee)

59. Plaintiff incorporates and restates by reference all of the preceding allegations as though fully set forth herein.

60. By loading monthly Mortality Rates with undisclosed administrative expense factors, Defendant impermissibly deducts Administrative Fees from the Cash Values of Plaintiff and the Class in amounts in excess of the fixed and maximum Administrative Fee expressly authorized by their policies.

61. By deducting unauthorized Administrative Fees from the Cash Values of Plaintiff and the Class, Defendant has breached the Policy and Class Policies.

62. As a direct and proximate result of Defendant's breach, Plaintiff and the Class have sustained damages that are continuing in nature in an amount to be determined at trial.

## COUNT III: BREACH OF CONTRACT
### (Improving Mortality Expectations)

63. Plaintiff incorporates and restates by reference all of the preceding allegations as though fully set forth herein.

64. When setting monthly Mortality Rates, the Policy and Class Policies authorize Defendant to consider only its mortality expectations.

65. Although mortality expectations have generally improved because people are living longer today than when the Policy and Class Policies were initially priced, Defendant has, on information and belief, failed to lower monthly Mortality Rates for the Policy and Class Policies.

66. Defendant's failure to lower these rates even though its expectations of future mortality experience improved constitutes a breach of the Policy and Class Policies.

67. As a direct and proximate result of Defendant's breach, Plaintiff and the Class have sustained damages that are continuing in nature in an amount to be determined at trial.

## COUNT IV: CONVERSION

68. Plaintiff incorporates and restates by reference all of the preceding allegations as though fully set forth herein.

69. Plaintiff and the Class have a property interest in the funds Defendant deducts from their Cash Values in excess of the amounts permitted by the terms of the Policy and Class Policies.

70. By deducting Cost of Insurance Charges and Administrative Fees in unauthorized amounts from the Cash Values of Plaintiff and the Class, Defendant exercised wrongful dominion and control over their property to the detriment of the rights of Plaintiff and the Class and misappropriated or misapplied specific funds placed in the custody of Defendant for the benefit of Plaintiff and the Class for use consistent with the terms of the Policy and Class Policies, without authorization or consent, and diverted those funds for its own use.

71. As a direct and proximate result of Defendant's conduct, Plaintiff and the Class have been damaged, and these damages are continuing in nature.

72. Although requiring expert testimony, the amounts of unauthorized Cost of Insurance Charges and Administrative Fees Defendant took from Plaintiff and the Class are capable of determination, to an identified sum, by comparing Plaintiff's actual Cost of Insurance Charge each month to a Cost of Insurance Charge computed using a monthly Mortality Rate determined using the mortality factors disclosed in the Policy and Class Policies.

73. On behalf of herself and the Class, Plaintiff seeks all damages and consequential damages proximately caused by Defendant's conduct.

74. Defendant intended to cause damage to the Plaintiff and the Class by deducting more than it was authorized to deduct from their Cash Values. Its conduct was, therefore, malicious and Defendant is also guilty of oppression in that its systematic acts of conversion subject Plaintiff and the Class to cruel and unjust hardship in conscious disregard of their rights. Plaintiff and the Class are therefore entitled to punitive or exemplary damages.

## COUNT V: DECLARATORY AND INJUNCTIVE RELIEF

75. Plaintiff incorporates and restates by reference all of the preceding allegations as though fully set forth herein.

76. An actual controversy has arisen and now exists between Plaintiff and the Class, on the one hand, and Defendant, on the other, concerning the respective rights and duties of the parties under the Policy and Class Policies.

77. Plaintiff contends that Defendant has breached the Policy and Class Policies in the following respects:

    a. By using unauthorized and undisclosed factors to compute the monthly Mortality Rates under the Policy and Class Policies, Defendant impermissibly increased monthly Mortality Rates for the Policy and the Class Policies and, as a result, withdraws Cost of Insurance Charges from the Cash Values of Plaintiff and the Class in amounts greater than those authorized by the Policy and Class Policies;

    b. By inflating monthly Mortality Rates under the Policy and Class Policies with administrative expense factors, including without limitation, maintenance, administrative, and other expense factors, that are not disclosed as being used to determine those rates, Defendant impermissibly deducted Administrative Fees from the Cash Values of Plaintiff and the Class in amounts in excess of the fixed and maximum Administrative Fees expressly authorized by the Policy and Class Policies; and

    c. By failing to reduce monthly Mortality Rates even though Defendant's mortality expectations have improved.

78. Plaintiff therefore seeks a declaration of the parties' respective rights and duties under the Policy and Class Policies and requests the Court to declare the aforementioned conduct of Defendant unlawful and in material breach of the Policy and Class Policies.

79. Pursuant to a declaration of the parties' respective rights and duties under the Policy and Class Policies, Plaintiff further seeks an injunction temporarily, preliminarily, and permanently enjoining Defendant (i) from continuing to engage in conduct in breach of the Policy and Class Policies, and from continuing to collect unlawfully inflated charges in violation of the Policy and Class Policies, and (ii) ordering Defendant to comply with the terms of the Policy and Class Policies in regard to its assessment of charges against Cash Values.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, requests relief as follows:

(a) That the Court enter an order certifying this case as a class action under Fed. R. Civ. P. 23, appointing Plaintiff as a representative of the Class, appointing Plaintiff's counsel as class counsel, and directing that reasonable notice of this action, as provided by Fed. R. Civ. P. 23(c)(2), be given to the Class;

(b) For a judgment against Defendant for the causes of action alleged against it;

(c) For compensatory damages in an amount to be proven at trial;

(d) For punitive and exemplary damages;

(e) For a declaration that Defendant's conduct as alleged herein is unlawful and in material breach of the Policy and Class Policies;

(f) For appropriate injunctive relief, enjoining Defendant from continuing to engage in conduct related to the breach of the Policy and Class Policies;

(g) For pre- and post-judgment interest at the maximum rate allowed by law;

(h) For Plaintiff's costs incurred; and

(i) For such other legal and equitable relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury of all issues so triable.

DATED this 29th of August, 2017.	Respectfully submitted,

By: 	/s/ John A. Yanchunis, Trial Counsel

John A. Yanchunis (Florida Bar No. 324681)
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 N. Franklin St., 7th Floor
Tampa, FL 33602

Telephone: (813) 223-5505
Facsimile: (813) 222-2434
jyanchunis@forthepeople.com

Daniel C. Girard (*pro hac vice forthcoming*)
Angelica M. Ornelas (*pro hac vice forthcoming*)
Paige B. Pulley (*pro hac vice forthcoming*)
**GIRARD GIBBS LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile:  (415) 981-4846
dcg@girardgibbs.com
amo@girardgibbs.com
pbp@girardgibbs.com

Norman E. Siegel (*pro hac vice forthcoming*)
Patrick J. Stueve (*pro hac vice forthcoming*)
Ethan M. Lange (*pro hac vice forthcoming*)
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel: 816-714-7100
Fax: 816-714-7101
siegel@stuevesiegel.com
stueve@stuevesiegel.com
lange@stuevesiegel.com

John J. Schirger (*pro hac vice forthcoming*)
Matthew W. Lytle (*pro hac vice forthcoming*)
Joseph M. Feierabend (*pro hac vice forthcoming*)
**MILLER SCHIRGER, LLC**
4520 Main Street, Suite 1570
Kansas City, Missouri 64111
Tel: 816-561-6500
Fax: 816-561-6501
jschirger@millerschirger.com
mlytle@millerschirger.com
jfeierabend@millerschirger.com

*Attorneys for Plaintiff*